UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIERA NICOLE BRYANT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                             /

Case No. 2:17-cv-10919

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [21], DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT [17], GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [20], AND AFFIRMING THE COMMISSIONER'S DECISION**

The Commissioner of the Social Security Administration denied Plaintiff's application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Plaintiff appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's decision. Plaintiff filed a timely objection. Having examined the record and considered the objection de novo, the Court will overrule the objection and adopt the Report, denying Plaintiff's motion for summary judgment, granting Commissioner's motion for summary judgment, and affirming the Commissioner's decision.

1

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action. ECF 21. The Court will therefore adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept [it] as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff's sole objection is that the magistrate judge erred by finding that the ALJ—when he weighed the state agency psychological consultant's opinion—sufficiently acknowledged that the consultant had not reviewed a complete record. ECF 22, PgID 545. That argument is not persuasive. The magistrate judge acknowledged that there needed to be some indication that the ALJ considered that the consultant did not review a complete case record. ECF 21, PgID 536 (citing *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016)). And as the magistrate judge noted, there was an indication of review here. Specifically, the ALJ recognized the dates of the various medical opinions. *Id.* His recognition indicated that the ALJ knew the consultant was not looking at a complete record because the consultant's report predated other opinions in the record. *See Markland v. Comm'r of Soc. Sec*, No. 2:15-cv-11578, 2016 WL 8116885, at *3 (E.D. Mich. Sept. 22, 2016). Moreover, the ALJ did not merely wholesale adopt the consultant's opinion; rather, the determination was made based on the evidence "to date." ECF 23, PgID 550 (citing the administrative record). As the magistrate judge noted, such language is "an express indication that the subsequent records were reviewed[.]" *Id.* The Court will therefore overrule Plaintiff's objection and adopt the remainder of the Report.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's objection [22] is **OVERRULED,** and the magistrate judge's report and recommendation [21] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [17] is **DENIED**, and Defendant's motion for summary judgment [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will issue a judgment affirming the Commissioner's decision.

**SO ORDERED.**

                                                 s/ Stephen J. Murphy, III
                                                 STEPHEN J. MURPHY, III
                                                 United States District Judge

Dated: August 14, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 14, 2018, by electronic and/or ordinary mail.

                                                 s/ David Parker
                                                 Case Manager